UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN F. MAUCK,

    Plaintiff,

v.

CHARLES J. MCKEE, et al.,

    Defendants.

Case No.18-cv-04482-NC

**ORDER SUSTAINING IN PART AND OVERRULING IN PART OBJECTIONS RE: DISCOVERY LETTER BRIEF**

Re: Dkt. No. 50

    Before the Court is the parties' discovery letter brief regarding Defendants' assertion of the attorney-client privilege and work-product privilege with respect to various documents and deposition questions directed at the County of Monterey's claim management or processing procedures. *See* Dkt. No. 50. Plaintiff Steven F. Mauck requests that the Court overrule Defendants' attorney-client privilege objections. For the following reasons, the Court rules as follows.

    Attorney-client privilege exists "(1) [w]hen legal advice of any kind is sought (2) from a professional legal adviser in his or her capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are, at the client's instance, permanently protected (7) from disclosure by the client or by the legal adviser (8) unless the protection be waived." *Apple, Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 237 (N.D. Cal. 2015) (quoting *U.S. v. Martin*, 278 F.3d 988, 999–1000 (9th Cir. 2002)).

Here, Defendants object to questioning by Mauck relating to several documents regarding the County's claim processing procedures. For example, in Mauck's deposition of defendant Charles McKee, County Counsel for co-defendant County of Monterey, he asked McKee about an email sent to him by another county employee regarding how the County handles legal claims. *See* Dkt. No. 53, Ex. A ("McKee Depo.") at 147:18–25; *see also* Ex. B. Mauck also asked McKee about an August 10, 2016, meeting discussing Intercare general liability claims processing. McKee Depo. at 148:23–149:11. These questions appear to be directed at communications protected by the attorney-client privilege. They concern legal advice made from an attorney, McKee and other County counsel, to a client, the County of Monterey.

Likewise, most of Mauck's questions directed at the other witnesses, Leslie Girard, Gary Giboney, and Michael Miller, are similarly protected because Mauck's questions ask the witnesses to provide commentary on the criticisms and reports levied against the County's claims processing procedure. *See, e.g.*, Girard Depo. at 109:24–110:1 ("Did you ever communicate to Mr. Mauck that you agreed with the litigation management guide provided by Intercare?"); Giboney Depo. at 55:15–16 ("Other than the LA model, do you recall other models that were discussed?"); *id.* at 83:5–6 ("And to your mind did [the Morgan report] identify significant exposure risk to the county?"). Because the subject matter of the communications is legal in nature, much of Mauck's questioning would reveal legal advice to the County on how to process legal claims. Thus, the Court SUSTAINS in part Defendants' objections.

The attorney-client privilege may be waived. *See In re Pac. Pictures Corp.*, 679 F.3d 1121, 1126 (9th Cir. 2012). Privilege may be expressly waived "when a party discloses privileged information to a third party who is not bound by the privilege, or otherwise shows disregard for the privilege by making the information public." *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003); *see also* Fed. R. Evid. 502(a).

Here, Mauck argues that Defendants waived the privilege by publicly disclosing the White Nelson report and producing the Meyers Nave report. As to the Meyers Nave

report, Defendants waived the privilege as to all documents produced to Mauck in connection with that report. *See Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992) ("voluntary disclosure of a privileged attorney communication to a third party constitutes waiver of privilege") (citing *Weil v. Investment/Indicators, Research & Mgmt*, 647 F.2d 18, 24 (9th Cir. 1981)). Production of the Meyers Nave report, however, does not constitute broad subject-matter waiver of the County's claims procedures because that report focused on Mauck's retaliation claims, not the County's claims procedures. *See id.* (disclosure of documents involving subsidiary tax issues did not waive privilege as to all documents involving the more general tax deferral issue). Accordingly, the Court OVERRULES Defendants' objections to the extent they relate to documents already produced to Mauck. The Court otherwise SUSTAINS Defendants' objections.

As to the White Nelson report, Mauck has not shown that its disclosure amounts to a blanket subject-matter waiver of all materials relating to the County's claims processing procedures. According to Defendants, the report apparently contained only "high-level, summarized information." Mauck does not dispute Defendants' characterization of the report. Subject-matter waiver is limited to matters actually disclosed, not "every document or communication that touched on the more general . . . question." *Chevron*, 974 F.2d at 1162; *see also Hernandez v. Tanninen*, 604 F.3d 1095, 1101 (9th Cir. 2010) ("[t]he breadth of the waiver finding, untethered to the subject-matter disclosed, constitutes a particularly injurious privilege ruling."). Accordingly, the Court SUSTAINS Defendants' objection. In sum, the Court OVERRULES Defendants' objections as to the extent they relate to documents already produced in connection with the Meyer Nave report. The Court otherwise SUSTAINS Defendants' objections.

**IT IS SO ORDERED.**

Dated: April 16, 2019 _____
NATHANAEL M. COUSINS
United States Magistrate Judge

3